David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. | P.O. Box 323
Southampton NY 11969-0323
631.287.5520 | DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A | New York NY 10075
323 790-4881 | MiriamTauberLaw@gmail.com

*Attorneys for  Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE, <br><br> Plaintiff, <br><br> v. <br><br> VENU HOLDING CORP., <br><br> Nominal Defendant, <br><br> and <br><br> KEVIN WAYNE O'NEIL, <br><br> Defendant. | **26-cv-3852** <br><br> **COMPLAINT** <br> **FOR RECOVERY OF** <br> **SHORT SWING PROFITS** <br> Under §16(b) of the <br> Securities Exchange Act, <br> 15 U.S.C. §78p(b) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff **DENNIS J. DONOGHUE,**  by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief. Except as to ¶2, which  Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.      This action arises under the provisions of §l6(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by §27 of the Act, 15 U.S.C. §78aa.

1

**THE PARTIES:**

2.    Plaintiff is a security owner of VENU Holding Corp., ("VENU-'), a Colorado corporation with principal offices at 1755 Telstar Drive, Suite 50, Colorado Springs. Colorado. 80920.

3.    At all times relevant the common stock of VENU was registered under §12(b) of the Act, 15 U.S.C. *§* 78*l*, and its shares were and are traded under the symbol VENU on the NYSC American LLC, a National Securities Exchange located in New York State within this District. The sales identified herein were made on that exchange.

4.    This action is brought in the right and for the benefit of VENU, which is named as Nominal Defendant solely to have all necessary parties before the Court.

5.    At all relevant times, Kevin Wayne O'Neil ("O'NEIL") was and is a >10% "beneficial owner" of VENU Common Stock.

6.    O'NEIL has an office or may be found c/o VENU, at its offices listed in ¶2.

**STATUTORY REQUISITES:**

7.    The violations of §16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

8.    Demand for prosecution was made on November 20, 2025, by first class mail and email. There has been no response received from VENU and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

9.    This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when Form 4 reports required by §16(a) of the Act, 15 U.S.C.§78p(a) disclosing the transactions complained of were first filed with the

2

Securities & Exchange Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

10.    O'NEIL sold 476,190 shares of VENU Common Stock on November 5, 2025, in a "private real estate" transaction, at an ascribed purchase price of $13.44 per share.

11.    On November 18, 2025, within less than six months of the sales aforesaid, O'NEIL purchased 55,000 shares of VENU Common Stock of at prices ranging from $8.21 -$8.65 per share.

12.    O'NEIL realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $277,479. These profits belong to VENU and are recoverable by Plaintiff on its behalf and for its benefit, VENU having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

13.    This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades, while this case is pending.

14.    O'NEIL, during periods not barred by the statute of limitation measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of VENU within periods of less than six months of each other while a more than 10% beneficial owner of VENU, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

15.    By reason of such purchases and sales or sales and purchases of VENU securities within periods of less than six months while an insider of VENU, O'NEIL realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff, on behalf and for the benefit of VENU.

3

**WHEREFORE,** Plaintiff demands judgment:

a.      Requiring O'NEIL to account for and to pay over to VENU all short swing profits realized and retained by him in violation of §16(b) of the Act, together with appropriate interest and the costs of this suit.

b.      Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants, and expert witness fees, and

c.      Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated:      Southampton, NY
            May 8, 2026


*/s/ Miriam Tauber*
_____
Miriam Tauber (MT-1979)
David Lopez (DL-6779)
*Attorneys for Plaintiff*

4